**IN THE UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

**[7] PRP Trading Corp.,**
Defendant.

**Crim. No. 13 - 353 (FAB)**

RECEIVED & FILED
2014 AUG 18 PM 3:19
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

**PLEA AGREEMENT**
**(Pursuant to Rule 11(c)(1)(A) & (B) FRCP)**

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through its attorneys for the District of Puerto Rico along with the Defendant, **PRP Trading Corp.** and the Defendant's counsel, Jorge Vega-Pacheco, and pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and Local Rule 111, state to this Honorable Court, that they have reached an Agreement, the terms and conditions of which are as follows:

1.     COUNTS TO WHICH DEFENDANT PLEADS GUILTY

The Defendant agrees to plead guilty to COUNT ONE of the Indictment charging a Conspiracy to Smuggle Goods into the United States in violation of Title 18, United States Code, Sections 371 and 545; COUNT TWO of the Indictment charging a Conspiracy to Commit Wire Fraud in violation of Title 18, United States Code, Sections 1343 and 1349; and COUNT THREE of the Indictment charging a Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Sections 1956(a)(2)(A) and (h).

2.     STATUTORY PENALTIES

The statutory penalty for the offense as charged in COUNT ONE, and COUNT TWO of the Indictment is a fine not to exceed two-hundred fifty thousand dollars ($250,000.00), pursuant

to Title 18, United States Code, Sections 545, 3571, and 3583. The statutory penalty for the offense as charged in COUNT THREE of the Indictment is a fine not to exceed $500,000.00 or twice the value of the property involved in the transaction, whichever is greater, pursuant to Title 18, United States Code, Section 1956(a)(2).[1]  There is also a possible sentence of probation for all counts pursuant to Title 18, United States Code, Section 3551(c).

3.    APPLICABILITY OF SENTENCING GUIDELINES

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, Section 3551, *et. seq.* (hereinafter Guidelines), which are now advisory.  Furthermore, Defendant acknowledges being aware that the imposition of sentence may not be suspended.

4.    SPECIAL MONETARY ASSESSMENT

Prior to the imposition of sentence, Defendant shall pay a special monetary assessment of four hundred dollars ($400.00), per offense of conviction, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a)(2)(A).

5.    FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release, and may impose restitution.  As part of this Plea Agreement, Defendant agrees to produce complete information regarding all restitution victims, and Defendant agrees to execute a financial statement to the United States

---

[1] Since Defendant is a corporation, the statutory imprisonment option for all counts is not applicable.

**PLEA AGREEMENT**
*United States v. [7] PRP Trading Corp.*
Crim. No. 13 – 353 (FAB)
Page 3 of 9

---

(OBD Form 500).    The United States will make no recommendations as to the imposition of fines or restitution.

### 6.    RULE 11(c)(1)(B) WARNINGS

Defendant is aware that Defendant's sentence is within the sound discretion of the sentencing judge and the advisory nature of the Sentencing Guidelines (including the Guidelines Policy Statements, Application, and Background Notes).    Defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein.    Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement, until it has considered the presentence report, Fed. R. Crim. P. 11(c)(3)(A).    Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw the guilty plea, and will remain bound to fulfill all of the obligations under this Plea Agreement, Fed. R. Crim. P. 11(c)(3)(B).

### 7.    SPECIFIC SENTENCE RECOMMENDATION

As part of this Plea Agreement for Counts One through Three, and after due consideration of the all factors delineated in Title 18, United States Code, Section 3553, the Government leaves it in the sound discretion of the court as to whether a fine and/or a term of supervised release is imposed.

**PLEA AGREEMENT**
*United States v. [7] PRP Trading Corp.*
Crim. No. 13 – 353 (FAB)
Page 4 of 9

8.    SATISFACTION WITH COUNSEL

The defendant represents to the Court to be satisfied with counsel, Jorge Vega-Pacheco, Esq., and indicates that counsel has rendered effective legal assistance.

9.    RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.   Defendant understands that the rights of criminal defendants include the following:

a.    If the Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel.  The trial may be conducted by a judge sitting without a jury if the Defendant, the United States and the judge agree;

b.    If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random.   The Defendant and the Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.   The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty.   The jury would be instructed that the Defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately;

c.    If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the Defendant's guilt beyond a reasonable doubt;

d.    At a trial, the United States would be required to present its witnesses and other evidence against the Defendant.   The Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them.   In turn, the Defendant could present witnesses and other evidence on Defendant's own behalf.   If the witnesses for the Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court; and,

e.    At a trial, the Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilty could be drawn from the Defendant's refusal

PLEA AGREEMENT
*United States v. [7] PRP Trading Corp.*
Crim. No. 13 – 353 (FAB)
Page 5 of 9

to testify.   If the Defendant desired to do so, the Defendant could testify on the Defendant's own behalf.

10.   STIPULATION OF FACTS

The accompanying Stipulation of Facts signed by the Defendant is hereby incorporated into this Plea Agreement.   Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

11.   LIMITATIONS OF PLEA AGREEMENT

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the Defendant; it does not bind any other federal district, state or local authorities.

12.   ENTIRETY OF PLEA AGREEMENT

This written agreement constitutes the complete Plea Agreement between the United States, the Defendant, and the Defendant's counsel.   The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

13.   AMENDMENTS TO PLEA AGREEMENT

No other promises, terms, or conditions will be entered into unless in writing and signed by all parties.

14.   WAIVER OF APPEAL

The Defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that the Defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

**PLEA AGREEMENT**
*United States v. [7] PRP Trading Corp.*
Crim. No. 13 – 353 (FAB)
Page 6 of 9

15.     VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against the defendant and that the defendant is pleading guilty freely and voluntarily because the defendant is guilty.

16.     RELEASE FROM LIABILITY

Defendant hereby releases and forever discharges the United States of America, the United States Customs and Border Protection, and United States Immigration and Customs Enforcement, its officers, agents, servants, and employees, its heirs, successors, or assigns, from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever, in law or equity, which Defendant, its heirs, successors, or assigns ever had, now have, or may have in the future in connection with the seizure, detention, and forfeiture of Defendant's property and/or any other issue related to this matter.

Defendant further agrees to save and hold harmless the United States of America, United States Customs and Border Protection, and United Stats Immigration and Customs Enforcement, its servants, employees, heirs, successors, or assigns from any claims by any others, including costs and expenses for, or on account of, any and all lawsuits or claims of any character whatsoever, in connection with the seizure, detention, and forfeiture of Defendant's property and/or any other issue related to this matter.

17.     VOLUNTARY WITHDRAWL OF CASES

Defendant agrees to withdraw all pending petitions against United States Customs and Border Protection and Defendant agrees not to contest the administrative forfeitures of any of the seizures that the Federal Government has effectuated.   The seizures are as follows:

**PLEA AGREEMENT**
*United States v. [7] PRP Trading Corp.*
Crim. No. 13 – 353 (FAB)
Page 7 of 9

2012490900014701,     20122490900014801,     2012490900014901,     2012490900015001,

2012490900015101,     2012490900015201,     2012490900020601,     2012490900022201,

2012490900022301,     2012490900022701,     2012490900022801,     2012490900022901,

2012490900033901,   2012490900037101, and 2013490900051901.

Defendant further agrees to withdraw its case before the United States Court of International Trade, which is identified as 1:12-cv-00137 *PRP Trading Corp. v. U.S.*

Defendant further agrees to withdraw its case against United States Immigration and Customs Enforcement before the D.C. Circuit Court, which is identified as: 1:14-cv-00629 *PRP Trading v. ICE.*

Defendant further agrees not to pursue any other claim, present or future, regarding the entries listed in paragraph 16 of the Indictment under "Acts in Execution of the Conspiracy."

18.    CORPORATE CHANGES

Defendant and its related parties, partners, or sister companies, agree to notify United States Customs and Border Protection about new manufacturers, sellers, and shippers prior to the importation of any type of merchandise into the United States.   This notification will be presented to United States Customs and Border Protection in writing ten (10) business days prior to the request for release of the shipment.

Defendant and its related parties, partners, or sister companies, further agree to notify United States Customs and Border Protection within ten (10) business days about the creation or addition of new companies, name changes, ownership changes, and corporate amendments such as resolutions or dissolutions.

**PLEA AGREEMENT**
*United States v. [7] PRP Trading Corp.*
Crim. No. 13 – 353 (FAB)
Page 8 of 9

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

**Maria Dominguez-Victoriano**
First Assistant United States Attorney

Dated: 8/15/14

**Scott Anderson**
Senior Litigation Counsel

Dated: 15 August 2014

**Jorge Vega-Pacheco, Esq.**
Counsel for the Defendant

Dated: 8/28/14

**Ana Garcia-Adarme**
Corporate Secretary and Authorized
Representative of Defendant PRP Trading
Corp.

Dated: 8/18/14

**PLEA AGREEMENT**
*United States v. [7] PRP Trading Corp.*
Crim. No. 13 – 353 (FAB)
Page 9 of 9

---

I have consulted with my attorney and fully understand all of my rights with respect to the Information pending against me as well as my rights with respect to the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case.   I have read and fully understand this Plea Agreement, have carefully reviewed every part of it with my attorney, and voluntarily agree to it.

Date: 8/18/14

Ana Garcia-Adarme
Corporate Secretary and Authorized Representative
of Defendant PRP Trading Corp.

I am the attorney for the Defendant and have fully explained Defendant's rights to the Defendant with respect to the pending Information.   Furthermore, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and have fully explained to the Defendant the provisions of those Guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the Defendant and, to our knowledge, the Defendant is entering into this Agreement voluntarily, intelligently and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 8/18/14

Jorge Vega-Pacheco, Esq.
Counsel for the Defendant

## STIPULATION OF FACTS
### *U.S.A. v. PRP Trading Corp.*, Crim. No. 13 - 353 (FAB)

In conjunction with the submission of the accompanying Plea Agreement in this case, and pursuant to Local Rule 418.2(A), the United States of America and Defendant agree that the following recitals provide a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for knowing and intentional violation of Title 18, United States Code, Sections 371, 545, 1343, 1349, and 1956(a)(2)(A) and (h).

In response to the Department of Commerce's announcement in September, 2010 that it would be imposing anti-dumping and countervailing duties on aluminum imported from the People's Republic of China, PRP Trading Corp. was incorporated by on November 23, 2010, with Defendants [1] Samuel Garcia-Adorno, [2] Edrick Garcia-Vazquez, and [3] Armando Garcia-Vazquez named as Board of Directors, in order to assume all importations of Chinese-origin aluminum extrusions for the benefit of Sultana Screens & Aluminum Sales and Aluwest Industries. In order to avoid the payment of anti-dumping and countervailing duties, it was agreed that the Chinese-origin aluminum extrusions would be shipped to PA Extrusion in Malaysia and repackaged to make it appear as though the aluminum extrusions originated in Malaysia. It was further agreed that PA Extrusions would create fictitious invoices to support the scheme that were eventually submitted to U.S. Customs and Border Protection.

Between December, 2010 and February, 2012, PRP Trading Corp. imported or attempted to import Chinese-origin aluminum extrusions totaling $6,567,616.00 by submitting documents to CBP falsely claiming that the aluminum extrusions originated in Malaysia. The anti-dumping duty due and owning on these importations was $2,185,702.60. The countervailing duties were the subject of a legal challenge in various federal courts, by parties unrelated to this case, leading

Congress to amend the Tariff Act of 1930 which applied the countervailing duties retroactively. However, application of that retroactive amendment to this criminal case would violate the Constitution's prohibition against *ex post facto* laws.

Between January, 2011 and April, 2012, Defendant made wire transfers from Puerto Rico to PA Extrusions in Malaysia totaling $6,907,985.43 in order to promote the importation of Chinese-origin aluminum extrusions without paying the requisite duties. Some of this money was retained by PA Extrusions as payment for their transshipment services and creation of false invoices.

At trial, the United States would have proven beyond a reasonable doubt that the Defendant, PRP Trading Corp., is guilty as charged in COUNTS ONE through THREE by producing emails, spread sheets, invoices, financial and bank records, custom's entry documents, bills of lading, and other physical evidence, as well as the testimony of a cooperating defendant, and agents and import specialists from the U.S Customs and Border Protection and Immigration and Customs and Enforcement.   All discovery has been provided to the Defendant.

Scott Anderson
Senior Litigation Counsel

Dated: 15 August 2014

Jorge Vega-Pacheco, Esq.
Counsel for Defendant

Dated: 8/18/14

Ana Garcia-Adarme for PRP T.C.
Ana Garcia-Adarme
Corporate Secretary and Authorized Representative of Defendant PRP Trading Corp.

Dated: 8/18/14